UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Lamar Coaxum, Sr., | C/A No. 9:10-2599-JFA-BM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Rosemary Sanders;<br>Sandra L. Holland;<br>Berkeley County Sheriffs Office;<br>Mary P. Brown, *Clerk of Courts*;<br>Wayne M. Creech, | |
| Defendants. | |

The plaintiff is a detainee at the Berkeley County Detention Center in Moncks Corner, South Carolina. He has brought suit, pursuant to 42 U.S.C. § 1983, against the Administrator of the detention center, the Child Support Coordinator for the Berkeley County Clerk of Court Office, the Clerk of Court for Berkeley County, the Berkeley County Sheriff's Office, and a Family Court Judge.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of jail conditions, interference with mail, the plaintiff's Family Court case, and the plaintiff's inability to earn good time credits toward his one-year sentence for failure to pay child support. The plaintiff's Answers to Court's Special Interrogatories (ECF No. 10) reveals that the plaintiff is serving a one-year sentence for failure to pay child support. The plaintiff notes:

1



> My daughter is 21 graduated college. This case should have been
> closed on her 18th birthday 3 years ago.

(ECF No. 10, at page 1). The plaintiff's Answers to Court's Special Interrogatories indicate that no appeal from the Family Court order was filed by the plaintiff or his attorney. Also, with respect to the plaintiff's request for good time credits, he has not filed an application for post-conviction relief.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that a named defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.



1990). Here, an initial review of the compliant shows that several Defendants are entitled to dismissal as party Defendants in this case.

First, Judge Wayne M. Creech is immune from suit in the above-captioned civil rights action for his judicial actions in the plaintiff's child support case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges). Additionally, Mary P. Brown, the Clerk of Court for Berkeley County, and Sandra L. Holland, the Child Support Coordinator for the Berkeley County Clerk of Court Office, are immune from suit because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). If he failed to act in accordance with the judicial mandate or court rule, he would place himself in



> contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).[1] *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 U.S.Dist. LEXIS 17182, 1999 WL 1000510 (N.D. Ill. Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).

---

[1] Insofar as court reporters in federal criminal trials are concerned, the holding in *Scruggs v. Moellering*, which granted absolute immunity to court reporters, is not applicable. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) (resolving inter-circuit conflict between circuits holding that court reporters in federal criminal trials have absolute immunity and circuits holding that court reporters in criminal trials have qualified immunity).



The Berkeley County Sheriff's Office is also entitled to dismissal, at it is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

Finally, in his answer to Question 7 of the Plaintiff's Answers to Court's Special Interrogatories, the plaintiff seeks, *inter alia*, "Post Conviction Relief giving [the plaintiff] good time credit" and a court order directing Judge Creech to give "good time" to inmates sentenced before September 1, 2010. A federal district court may not issue a writ of mandamus against a state court, a state judge, or a state agency. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). Moreover, if the plaintiff is actually seeking post-conviction relief, he must file an application for post-conviction relief in the Court of Common Pleas. *See* S.C. Code Ann. § 17-27-10, *et seq*. Therefore, only Plaintiff's claims with respect to conditions of



confinement at the jail remain for review by Court, with those claims being asserted against the lone remaining Defendant, Rosemary Sanders.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss Sandra L. Holland, the Berkeley County Sheriff's Office, Mary P. Brown (*Clerk of Courts*), and Judge Wayne M. Creech from the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. In a separately-filed order, the undersigned is authorizing service of process upon defendant Rosemary Sanders.

The plaintiff's attention is directed to the Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 22, 2010
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

